**FILED**

NOV 2 0 2009

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Gregory Taylor,                          )
                                         )
            Petitioner,                  )
                                         )
v.                                       )      Civil Action No.      **09 2201**
                                         )
B.A. Bledsoe Warden,                     )
                                         )
            Respondent.                  )

## MEMORANDUM OPINION

Petitioner is a prisoner under sentence imposed after a jury trial in 1989 by the Superior

Court for the District of Columbia. Now confined at the United States Penitentiary in Lewisburg,

Pennsylvania, the petitioner has filed a pro se habeas petition to challenge the imposition of his

Superior Court sentence. He contends that the prison sentences he is serving consecutively

should have been imposed to run concurrently. *See* Petition at 2-3 (raising arguments relating to

Double Jeopardy, the legislative intent of Congress in adopting § 23-110, and *Blockburger v.*

*United States,* 284 U.S. 299 (1932)). The petition will be dismissed for lack of jurisdiction.

Collateral challenges to sentences imposed by the Superior Court must be brought in that

court under D.C. Code § 23-110. *See Blair-Bey v. Quick*, 151 F.3d 1036, 1042 (D.C. Cir. 1998)

(§ 23-110 is exclusive remedy for such challenges). "An application for a writ of habeas corpus

in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not

be entertained by . . . any Federal . . . court if it appears . . . that the Superior Court has denied

him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the

legality of his detention." D.C. Code § 23-110(g). Unlike other prisoners convicted in state

3

courts or those convicted in a United States District Court, "District of Columbia prisoner[s]

ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless

[it is shown that] the local remedy is inadequate or ineffective to test the legality of his

detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and

quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order

to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a

hurdle that a federal prisoner does not.")

Generally,"[s]ection 23-110 has been found to be adequate and effective because it is

coextensive with habeas corpus." *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord*

*Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C.

§ 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction

or sentence.").

> In determining whether the local remedy is 'inadequate or ineffective,' we
> are guided by judicial interpretations of the statutory provisions enabling federal
> prisoners to challenge their convictions. The federal and local statutes are nearly
> identical in language, and functionally they are equivalent. The remedy now
> available to District of Columbia prisoners was patterned after that conferred upon
> federal prisoners, and both remedies are commensurate with habeas corpus. That
> judges of the Superior Court do not have the tenure and salary protection afforded
> federal judges does not call for a different conclusion. "[T]he judges of the
> Superior Court of the District of Columbia must be presumed competent to decide
> all issues, including constitutional issues, that routinely arise in the trial of
> criminal cases."

*Garris v. Lindsay,* 794 F.2d at 726 (*quoting Swain v. Pressley*, 430 U.S.372, 382-83 (1977))

(footnotes omitted). The mere denial of relief by the local courts does not render the local

remedy inadequate or ineffective. *Garris v. Lindsay,* 794 F.2d at 727; *Charles v. Chandler*, 180

F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson*, 892 F. Supp.

277, 280 (D.D.C. 1995).

The petitioner has already presented to the Superior Court for the District of Columbia

and to the Court of Appeals for the District of Columbia the same arguments he seeks to put before this court. In fact, petitioner has brought these same arguments to the sentencing court for consideration under § 23-110 more than five times (in addition to making the same arguments at least five times under Super. Ct. Crim. R. 35(a)). *See* Petition, Ex. Order of Superior Court of the District of Columbia, June 6, 2007 ("June 6, 2007 Order"), at 1; *id.,* Ex. Order of Superior Court of the District of Columbia, Feb. 1, 2008 at 1-3 (explaining the legal bases for the court's conclusion that the petitioner's arguments lack merit). Each time the petitioner's arguments were found to lack merit, and he was denied relief. *See* June 6, 2007 Order at 1-2. He has appealed several of the denials, all of which were affirmed by the Court of Appeals for the District of Columbia. *Id.* Having rejected his arguments in support of relief multiple times, the Court of Appeals for the District of Columbia has barred the petitioner from filing motions in that court without first obtaining leave from an associate judge. *See id.,* Ex. Order of Court of Appeals, June 23, 2008. Now petitioner argues that because he is barred from appealing to the Court of Appeals for the District of Columbia, his remedy under § 23-110 is inadequate or ineffective to test the legality of his detention.

Petitioner's argument is unavailing. A remedy is not ineffective or inadequate just because it produces the same result to the same request for relief. Plaintiff has not shown that the local remedy is inadequate or ineffective; rather, he has shown only that his legal arguments have consistently been found to lack merit. Because petitioner has not established that the local remedy is ineffective or inadequate, this habeas petition will be dismissed for lack of jurisdiction.

A separate order accompanies this memorandum opinion.

Date: 11\3\09

United States District Judge

3